OPINION
Derrick Hoskins appeals from the judgment of the Montgomery County Common Pleas Court wherein the Court denied Hoskins' shock probation motion.
Hoskins was convicted of robbery on September 9, 1987. He was sentenced to an indefinite term of 3-15 years in the Ohio State Reformatory on October 7, 1987. When Hoskins failed to appear to begin the execution of his sentence a capias warrant was issued on October 29, 1987. Hoskins was arrested as a fugitive and resentenced on December 16, 1996.
On April 23, 1999, Hoskins filed a motion for super shock probation which he withdrew. Hoskins filed another super shock probation motion on June 30, 2000 which the court overruled on July 14, 2000. The court found that it could not grant the motion because it had already denied Hoskins' previous super shock probation motion by not ruling upon it within the time provided by R.C. 2947.061(B).
In his sole assignment, Hoskins argues he was denied procedural due process when the trial court failed to rule upon his initial super shock probation motion which then operated as a denial of his motion by operation of law.
In State v. Heard (August 13, 1999), Montgomery App. 17460, unreported, this Court held that the failure of the trial court to timely rule upon a super shock probation motion within the statutory period operates as an "automatic denial" because the trial court loses jurisdiction to rule after that time period.
The plain language of R.C. 2947.061(B) specifically limits a defendant to filing one motion for super shock probation. State v. Lentz (August 8, 1997), Miami App. No. 97-CA-11, unreported. Thus, the trial court had no alternative but to overrule Hoskins' second motion for super shock probation.
The Ohio Supreme Court just recently ruled that a trial court's order denying shock probation pursuant to R.C. 2947.06(B) is not a final appealable order. State v. Coffman (2001), 91 Ohio St.3d 125. Accordingly, the appellant's appeal is hereby ordered Dismissed.
 _______________ BROGAN, J.
WOLFF, P.J., and YOUNG, J., concur.